**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED SPECIALTY INSURANCE
COMPANY,**

    **Plaintiff,**

**v.**                                                    **Case No: 6:25-cv-1353-PGB-DCI**

**ADVANCED WRAPPING AND
CONCRETE SOLUTIONS OF
CENTRAL FLORIDA, INC.,**

    **Defendant.**

_____

**ORDER**

United Specialty Insurance Company (Plaintiff) brings this declaratory action against Advanced Wrapping and Concrete Solutions of Central Florida, Inc. (Defendant). Doc. 1. Pending before the Court is Plaintiff's Motion for Default Judgment. Doc. 18 (the Motion). Defendant has not filed a response to the Motion, but it is still due to be denied.

Plaintiff alleges that Hawksmoor Community Owners (Hawksmoor) filed a construction-defect lawsuit in state court against the developer, general contractor, and subcontractors including Defendant—Case No. 2024-CA-008623-0 (the Underlying Lawsuit). *Id*. at 2. In the Underlying Lawsuit, Hawksmoor alleges that Defendant served as a "subcontractor responsible for the installation of the housewrap, waterproofing systems, flashing, and related elements at the Community." Doc. 1-2 at 10. Hawksmoor brings a claim against the defendants for "damages arising from the negligent and defective development, construction, and sale of the townhouses and common areas. . . at the Hawksmoor townhome community located in Orange County, Florida[.]" *Id*. at 4.

In the instant action, Plaintiff claims that it issued a commercial general liability policy to Defendant with a policy period from March 31, 2018 to March 31, 2019. Doc. 1 at 3. Plaintiff alleges that the insurance policy includes certain exclusions, and the Hawksmoor project was not exempted from the Condo/Townhouse Exclusions. *Id*. at 7. As such, Plaintiff contends that "there is no insurance coverage for the claims arising out of the Hawksmoor townhouse community as alleged in the Underlying Complaint." *Id*. Plaintiff claims that the allegations in the underlying complaint trigger the Condo/Townhouse Exclusions in the insurance policy and, Plaintiff, therefore "owes no defense or indemnity obligations to [Defendant] or anyone else seeking coverage under the Policy for the claims arising out of the Hawksmoor townhome community as alleged in the Underlying Complaint." *Id*. at 8. Plaintiff brings one count for declaratory judgment that the policy at issue provides no coverage to Defendant with respect to the underlying complaint. *Id*.

Defendant has not appeared in this matter and, therefore, Plaintiff moved for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 14. The Clerk entered default, and Plaintiff now moves for default judgment against Defendant under Rule 55(b)(1). Doc. 18. But before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of a complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is also Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

satisfy each of those elements. *Riley v. Marcino*, 2026 U.S. Dist. LEXIS, at \*2 (M.D. Fla. Feb. 11, 2026) (citation omitted).

The Motion fails because Plaintiff does not mention jurisdiction, nor does it sufficiently address the elements of the one cause of action. Turning to the Complaint, Plaintiff pleads that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of fees and costs. Doc. 1 at 2.

While it appears that the parties are completely diverse, the Court questions whether the jurisdictional amount is met. This is a case for declaratory judgment and not damages, and Plaintiff does not address how the Court should arrive at the appropriate figure for purposes of deciding the amount in controversy. Although not briefed, the Court recognizes that "[w]hen an insurer seeks a declaration that it has 'no duty to defend nor indemnify an insured in an underlying lawsuit,' the amount in controversy is determined by examining the following factors: '(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.'" *Southern-Owners Ins. Co. v. Maronda Homes, Inc.*, 2019 WL 2929715, at \*2 (M.D. Fla. July 8, 2019) (quoting *Clarendon Am. Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006)).

With respect to the insurance limits, Plaintiff attaches the policy to the Complaint, and it appears that coverage is above $75,000.00 (*see* Doc. 1-3), but Plaintiff makes no mention of the policy limit in the Motion or Complaint. *See* Docs. 1, 18. And "'[w]hile a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, . . . a high policy limit does not establish a large amount in controversy

for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit.'" *Maronda Homes*, 2019 WL 2929715, at \*2 (quoting *Emp'rs Mut. Cas. Co. v. Parker Towing Co.*, 2007 WL 4577705, at \*2 (S.D. Ala. Dec. 27, 2007)); *see also Amerisure Ins. Co. v. Island Crowne Developers, L.C.*, 2010 WL 11626694, at \*2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]") (citing *Hartford Insurance Group v. Lou-Con. Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.")).  To the extent Plaintiff relies on the policy limits, Plaintiff must address that factor as it relates to the amount in controversy.

And with respect to damages, "when a declaratory judgment action seeks judgment declaring an insurer's liability on a particular occurrence. . . the amount in controversy is measured by the value of the underlying claim, not the policy limits." *Conklin Onebeacon Am. Ins. Co.*, 2018 WL 3850012, at \*2 (M.D. Fla. Mar. 12, 2018).  The Court cannot say what the actual value of the claim is because Plaintiff does not offer that information.  Plaintiff does provide the Court with the complaint from the Underlying Lawsuit, but Hawksmoor pleads only that it "brings th[e] action to recover its damages, which exceed $50,000.00, exclusive of interest, costs, and attorneys' fees." Doc. 1-2 at 6.  Clearly that amount is not sufficient to reflect that the jurisdictional threshold is met in the instant case.

Lastly, Plaintiff does not discuss the value of its obligation to defend the underlying lawsuit.  *See* Docs. 1, 18.  Overall, because Plaintiff does not address jurisdiction, the Court finds that the Motion is deficient, and entry of default judgment is not appropriate.

The Motion fails in other ways.  In the Motion, Plaintiff generally cites to Florida law on the duty to defend and to indemnify and contends that, in Florida, a court may issue a declaratory judgment as to an insurer's duties.  Doc. 18 at 10, 13.  But from a cursory review of the 101-page policy and attachments, there does not appear to be a choice of law provision.  Without more, the Court is not convinced that Florida law governs especially since Plaintiff is a Delaware corporation.  *See* Doc. 1 at 1.  Plaintiff must, therefore, address why Florida law applies in this case.

Assuming the Florida law on duty applies, Plaintiff still does not adequately analyze in the Motion its one cause of action brought pursuant to 28 U.S.C. § 2201.  Doc. 1 at 1.  The Federal Declaratory Act grants federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  "An essential element for a declaratory action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution."  *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 81 L. Ed. 617 (1937)).  The party seeking a declaratory judgment bears the burden "of establishing the existence of an actual case or controversy."  *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

The Court is not satisfied that the requisite controversy exists based on a review of the Complaint.  Plaintiff alleges in the Complaint that "[t]here exists a bona fide, actual, present, and practical need for a declaration of [Plaintiff's] rights and duties under the Policy."  Doc. 1 at 8.  First, assuming this statement is Plaintiff's attempt to plead the existence of a controversy, the

Court need not accept it because it is alleged in a conclusory manner. *See Ashcroft v.* Iqbal, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to the threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").[2]

Second, the Court questions whether there is an actual controversy between the parties based on Plaintiff's other allegations and exhibits. Although not entirely clear, it does not appear that Defendant has made a claim against the insurance policy. Without any analysis on the Federal Declaratory Act or its elements, the Court is not persuaded that relief is warranted at this juncture based solely on the filing of the Underlying Lawsuit. Plaintiff's general citation to a case where a court granted a motion for default judgment on a declaratory relief claim because a defendant failed to appear does not assist the Court. *See* Doc. 18 at 14. To be clear, the Court does not find that an insurance claim must exist for an insurance company to bring a declaratory action based on a duty to defend or indemnify argument, but Plaintiff must address the ripeness issue after identifying the applicable law.

Third, assuming ripeness is not an obstacle, it is still not clear from the exhibits that the policy even applies. A threshold question in an action for declaratory relief is whether a justiciable controversy exists. *See Wendy's International, Inc. v. Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989) ("Intriguing though the questions raised by these allegations may be, initially we are faced with the crucial issue of whether the plaintiffs have alleged facts sufficient to establish a justiciable

---

[2] The Supreme Court in *Iqbal* granted certiorari after a court of appeals upheld petitioners' motions to dismiss. 556 U.S. at 662. "The standard for entry of default judgment is essentially 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'" *Lopez v. City Buffet*, 2020 WL 10354012, at, *3 (M.D. Fla. Oct. 28, 2020) (quoting *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015), *report and recommendation adopted by*, 2021 WL 2905459 (Jan. 5, 2021).

controversy."). "A court must consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Again, Plaintiff alleges that the policy was effective from March 31, 2018 to March 31, 2019 (Doc. 1 at 3), but Plaintiff does not allege when the construction work occurred, and the attached complaint from that Underlying Lawsuit does not appear to reflect the dates. *See* Docs. 1; 1-2. Assuming Florida law applies, "an insurer's duty to defend is triggered when the underlying complaint against its insured 'fairly brings the case within the scope of coverage.'" *Southern-Owners Ins. Co. v. Justus*, 2024 WL 4556133, at *3 (M.D. Fla. Oct. 23, 2024 (quoting *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc.*, 808 F. App'x 705, 708 (11th Cir. 2020)). "An insurer has a duty to defend the entire suit when the complaint alleges 'facts that fairly and potentially bring the suit within the policy coverage." *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 926 (11th Cir. July 11, 2014) (quoting *Jones v. Fla. Ins. Guar. Ass'n*, 908 so.2d 435, 442-43 (Fla. 2005)).

Hawksmoor sues Defendant in the Underlying Lawsuit, but without any information on the relevant dates of the alleged defective work as it relates to policy coverage, the Court is concerned that there might not be an adverse legal interest between Plaintiff and Defendant. Without any analysis on the issue, the Court finds that the request for default judgment is due to be denied. *See Blitz*, 151 F.Supp.3d at 1302 ("Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic.") (citation omitted).

- 7 -

Based on the foregoing, it is **ORDERED** that:

1.  Plaintiff's Motion (Doc. 18) is **DENIED without prejudice**; and

2.  **on or before March 11, 2026**, Plaintiff must seek default judgment by filing a renewed motion or show cause why the case should not be dismissed without prejudice for failure to prosecute. *See* Local Rule 3.10. Failure to file such a motion or show cause within the allotted time may result in the dismissal of this case.

**ORDERED** in Orlando, Florida on February 18, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE