# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED SPECIALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1353-PGB-DCI**

**ADVANCED WRAPPING AND CONCRETE SOLUTIONS OF CENTRAL FLORIDA, INC.,**

**Defendant.**

_________________________________________/

## ORDER

United Specialty Insurance Company (Plaintiff) brings this declaratory action against Advanced Wrapping and Concrete Solutions of Central Florida, Inc. (Defendant). Doc. 1. By order dated February 18, 2026, the Court denied Plaintiff's initial motion for default judgment because Plaintiff failed to discuss jurisdiction and did not sufficiently address the elements of the one cause of action. Doc. 20. Pending before the Court is Plaintiff's Second Motion for Default Judgment brought pursuant to Federal Rule of Civil Procedure 55(b). Doc. 25 (the Motion). While Plaintiff addresses jurisdiction in the renewed request, Plaintiff has still not established that an actual controversy exists between the parties and that default judgment is appropriate.

Before entering default judgment, a court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. In the instant action, Plaintiff alleges that Hawksmoor Community Owners (Hawksmoor) filed a construction-defect lawsuit in state court against the developer, general contractor, and subcontractors, including Defendant—Case No. 2024-CA-008623-0 (the Underlying Lawsuit). *Id*. at 2. Plaintiff claims that it issued a

commercial general liability policy to Defendant, but the policy includes certain exclusions, and the Hawksmoor project was not exempted from the condo/townhouse exclusions. *Id.* at 7. Plaintiff brings one count for declaratory judgment pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and claims that the policy at issue provides no coverage to Defendant with respect to the Underlying Lawsuit. *Id.*

The Declaratory Judgment Act grants federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "An essential element for a declaratory action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937)); *see also Zurich Am. Ins. Co. v. Southern-Owners Ins., Co.*, 248 F.Supp. 3d 1268, 1280 (M.D. Fla. 2017) (M.D. Fla. Feb. 24, 2020) (stating that "because the 'actual controversy' requirement is jurisdictional, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists'"). The party seeking a declaratory judgment bears the burden "of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

In the February 18, 2026 order, the Court raised the question of whether an actual controversy exists and directed Plaintiff to address ripeness of the claim after identifying the applicable law, but Plaintiff has not sufficiently done so in the renewed Motion. Specifically, Plaintiff seeks a declaration providing that it is not obligated to defend Defendant in the Underlying Lawsuit **and** is not obligated to indemnify Defendant for any claims arising out of, related to, or

concerning the Underlying Lawsuit. Docs. 1 at 8; 25 at 25. The duty to indemnify and duty to defend, however, are treated differently. *See Advanced Sys., Inc. v. Gotham Ins. Co.*, 272 So.3d 523, 527 (Fla. 3rd DCA 2019) ("Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify, and it is more extensive.") (citation omitted).

And with respect to the duty to indemnify, there is a prematurity issue because the Underlying Lawsuit has not been resolved.[1] *See Northland Cas. Co. v. HBE Corp.*, 160 F.2d 1348, 1360 (M.D. Fla. Sept. 13, 2001) ("Because an insured's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.") (collecting cases); *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt.*, 278 F.Supp. 3d 1302, 1306 (M.D. Fla. Oct. 5, 2017) ("[D]etermining [the plaintiff's] duty to indemnify when the state court has not determined whether [the defendant] is liable would be a premature exercise in hypotheticals.") (citations omitted); *see also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed. App'x 768, 770 (11th Cir. Mar. 8, 2019) (finding that the district court did not abuse its discretion in concluding that the plaintiff's duty to indemnify was not ripe until the underlying lawsuit was resolved); *Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F.Supp.2d 1345, 1348 (S.D. Fla. 2008) (stating that "[a]n insurers duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit") (citations omitted)). Plaintiff states in the Motion that "[t]here is a controversy" but fails to provide the legal support for a declaratory judgment on a duty to indemnify given the pendency of the state action.

[1] *See https://myeclerk.myorange.clerk.com*.

Likewise, Plaintiff has not adequately addressed ripeness on the duty to defend component of the requested declaration. In Florida,[2] an insurer's duty to defend is triggered when the underlying complaint against its insured 'fairly brings the case within the scope of coverage.'" *Southern-Owners Ins. Co. v. Justus*, 2024 WL 4556133, at *3 (M.D. Fla. Oct. 23, 2024 (quoting *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc.*, 808 F. App'x 705, 708 (11th Cir. 2020)). "An insurer has a duty to defend the entire suit when the complaint alleges 'facts that fairly and potentially bring the suit within the policy coverage." *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 926 (11th Cir. July 11, 2014) (quoting *Jones v. Fla. Ins. Guar. Ass'n*, 908 So.2d 435, 442-43 (Fla. 2005)).

As an initial matter, Plaintiff adamantly contends that there is no coverage based on the exclusions found in the insurance policy and, therefore, it is not clear if the duty to defend is "triggered" and the request for declaratory relief is ripe. Further, in the Motion, Plaintiff states:

> The Association retained a third-party contractor, SMH Construction Services Inc., who provided a Preliminary Estimate dated August 22, 2024, which was attached to the Association's confidential demand; SMH Construction estimated costs regarding "Thermal and Moisture Protection" (i.e., house wrap or Tyvek wrap) amounting to $2,691,053.00. The redacted relevant portion of the Preliminary Estimate is attached as Exhibit 1-B.
>
> There is a controversy between [Plaintiff] and [Defendant] because the Association seeks recovery from [Plaintiff] for [Defendant's] work and resulting damages and [Plaintiff] issued a coverage denial to [Defendant]. The denial letter to Advanced Wrapping dated February 11, 2025, is attached as Exhibit 1-C.

Doc. 25 at 3. While Plaintiff has attached the estimate and the denial letter, the documents do not reflect that Defendant has made a claim for coverage or that any money has been paid in response

[2] In the Motion, Plaintiff addresses Florida law, but also discusses Georgia and Delaware law. Doc. 25 at 13 to 20. Plaintiff states that "[b]ecause there is no different result under Florida, Georgia, or Delaware law as to the coverage issue in this case, [Plaintiff] proceeds under the forum's (Florida's) laws." *Id*. at 20.

to the demand. Also, a review of the state docket shows that a clerk's entry of default has been entered in the Underlying Lawsuit against Defendant and, therefore, Defendant is not litigating the matter. *See* https://myeclerk.myorange.clerk.com.[3]

In sum, without more than a statement that "[t]here is a controversy," Plaintiff has not met its burden for relief under Rule 55(b). *See Nautilus Ins. Co. v. El 500 Pinson, LLC*, 2025 WL 3254976, at *2 (M.D. Ga. Sept. 19, 2025) (denying a motion for default judgment and finding a lack of ripeness to a duty to defend claim where there was no indication that the insured was seeking a defense in the underlying action). To be clear, the Court does not conclude that there cannot be an "actual controversy" for purposes of a duty to defend declaratory judgment claim under these circumstances, but Plaintiff cites to no law and provides no helpful analysis.

Again, the Court is not inclined to grant default judgment if Plaintiff does not address ripeness "after identifying the applicable law" especially where Plaintiff brings one count for relief and seeks default based on both the duty to defend and indemnify. *See* Local Rule 3.01(b) ("A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."); *Cardinal*, 508 U.S. at 95 ("The party seeking a declaratory judgment bears the burden "of establishing the existence of an actual case or controversy.").[4]

---

[3] While a clerk's entry of default has been entered, it does not appear that the state court has entered judgment against Defendant. *See* https://myeclerk.myorange.clerk.com

[4] Plaintiff cites to a Florida state circuit court case involving Plaintiff and another townhouse project. Doc. 25 at 23 (citing *Compass Bay Townhome Association, Inc. v. American Builders Ins. Co.*, Case No. 2023-CA-003743-OC). In that case, Plaintiff states that it filed a motion to dismiss based on a lack of coverage and eventually a motion for summary judgment. *Id.* at 22 to 23. Plaintiff provides that the *Compass Bay* court ultimately granted Plaintiff's motion for summary judgment and the Court in the instant case should likewise find that that the contractual exclusions to coverage apply for claims arising out of the Hawksmoor townhouse community. *Id.* at 24. Plaintiff does not cite *Compass Bay* on the issue at hand, but the Court notes that the cases are

If it is Plaintiff's position that the claim for declaratory relief is ripe due to the Association's demand or the denial of coverage without Defendant's claim for coverage, then Plaintiff should provide supporting authority and an analysis on the issue as it relates to the duty to defend **and** the duty to indemnify.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 25) is **DENIED without prejudice**; and
2. **on or before September 15, 2026**, Plaintiff must seek default judgment by filing a renewed motion and address the Court's concerns identified in this order and the February 18, 2026 order. Failure to comply within the allotted time may result in the dismissal of this case without further notice.

**ORDERED** in Orlando, Florida on August 26, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

inapposite on the ripeness front in that there is no showing that Plaintiff has appeared in the Underlying Lawsuit. *See* https://myeclerk.myorange.clerk.com. In other words, Plaintiff's success in *Compass Bay* does not necessarily establish that an actual controversy exists under the Declaratory Judgment Act entitling Plaintiff to default judgment in this federal action.